IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EARNEST CASSELL WOODS, II,

    Petitioner,                    No. CIV-S-04-2245 LKK KJM P

    vs.

TOM L. CAREY,                    ORDER AND

    Respondent.                 FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus challenging the finding of an administrative rule violation. Pending before the court is respondent's March 7, 2006, motion to dismiss on the grounds that the court lacks jurisdiction. Petitioner opposes the motion. After carefully reviewing the record, the court recommends that respondent's motion be granted.

I. Background

        In 1987, petitioner was convicted of second degree murder and sentenced to an indeterminate term of seventeen-years-to-life. Resp't's Mot. to Dismiss, Ex. B at 1. On January 5, 2004, petitioner was found guilty of an administrative rules violation for obstructing the view into his living quarters with towels and bed sheets. Id., Ex. A.

/////

1

Petitioner is challenging the administrative rules violation on the grounds that he was barred from proffering relevant evidence necessary to his defense during the administrative hearing.

II. <u>Habeas Corpus Petition</u>

   Respondent contends that petitioner's habeas corpus petition is barred because it fails to properly invoke the court's jurisdiction under the federal habeas statute.  Specifically, respondent contends that petitioner's claim attacks a condition of confinement, as opposed to a fact or duration of confinement.  Petitioner contends that because the administrative rule violation will appear on his record when he goes up for parole, his petition does implicate the duration of his confinement.

   A state prisoner is entitled to habeas corpus relief under 28 U.S.C. § 2254 only if he is held in custody in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2254(a).  "According to traditional interpretation, the writ of habeas corpus is limited to attacks upon the legality or duration of confinement."  <u>Crawford v. Bell</u>, 599 F.2d 890, 891 (9th Cir. 1979) (citing <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484-86 (1973)).  Where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence, a civil rights action under 42 U.S.C. § 1983 is proper and habeas jurisdiction is absent.  <u>See</u> <u>Ramirez v. Galaza</u>, 334 F.3d 850, 859 (9th Cir. 2003).  Accordingly, a prisoner seeking expungement of a disciplinary finding from his record may trigger the court's habeas jurisdiction only if expungement is likely to accelerate the prisoner's eligibility for parole.  <u>Bostic v. Carlson</u>, 884 F.2d 1267, 1269 (9th Cir. 1989); <u>see</u> <u>also</u> <u>Docken v. Chase</u>, 393 F.3d 1024, 1030 n.4 (9th Cir. 2004); <u>see also</u> <u>McCollum v. Miller</u>, 695 F.2d 1044, 1047 (7th Cir. 1982).

   The California Code and Regulations provides a non-exclusive list of fifteen (15) general guidelines that the Board of Prison Terms (BPT) may consider in its determination of an inmate's suitability for parole; "institutional behavior" is one of the recommended guidelines.  Cal. Code Regs. tit. 15 § 2281.  In the context of "institutional behavior," the BPT may consider whether "the prisoner has engaged in *serious* misconduct in prison or jail."  <u>Id</u>. § 2281(c)(6)

(emphasis added). An administrative rules violation is not classified as "serious" misconduct. Resp't's Mot. to Dismiss, Ex. A at 1 ("Rules Violation Report" used by Department of Corrections classifying the charge levied against the inmate as either "administrative" or "serious"). Moreover, petitioner provides no authority or any factual support for his assertion that "reversal of the disciplinary action...would likely lead to the petitioner's release on parole." Opp'n at 2. In light of the above, the court lacks jurisdiction to grant petitioner's habeas corpus petition and respondent's motion to dismiss should be granted.

III. Motion to Consolidate

Petitioner has renewed his request to consolidate this action with a habeas petition petitioner has filed with the California Supreme Court (case number S 131893). The court has already addressed this issue in an order filed on December 8, 2005; petitioner provides no explanation as to why the court should consider it anew. In accordance with the prior order, petitioner's motion to consolidate is denied.

In accordance with the above, IT IS HEREBY ORDERED that petitioner's motion for consolidation is denied; and

IT IS HEREBY RECOMMENDED that respondent's motion to dismiss be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised

/////

/////

/////

1   that failure to file objections within the specified time may waive the right to appeal the District
2   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3   DATED:  December 20, 2006.

_____
U.S. MAGISTRATE JUDGE

1/jg
wood2245.157